# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# 1:16-cv-23-FDW

| | |
|---|---|
| CHRISTOPHER J. PARKER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| HUBERT CORPENING, ET AL., ) | |
| ) | |
| Defendants. ) | |

**THIS MATTER** is before the Court on initial review of Plaintiff's Complaint, (Doc. No. 1).[1] Plaintiff is proceeding *in forma pauperis*. (Doc. No. 6).

## I. BACKGROUND

*Pro se* Plaintiff Christopher Parker has filed a civil rights suit pursuant to 42 U.S.C. § 1983, the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq.*, and the Rehabilitation Act, 29 U.S.C. § 791 *et seq.*, and North Carolina negligence, against Marion Correctional Institution Superintendent Hubert Corpening and Staff Psychologist Valerie A. Carswell in their individual and official capacities.

Liberally construing the Complaint and accepting the allegations as true, Plaintiff has a history of mental health issues dating back to 1998. A psychologist at Scotland C.I. re-diagnosed him with depressive disorder which caused him to be a threat to himself and others. (Doc. No. 1 at 5-6). That psychologist referred Plaintiff to a psychiatrist in Raleigh who prescribed medicine and said Plaintiff would be shipped to an institution where he would start treatment for his mental

---

[1] Plaintiff filed motions to amend, (Doc. Nos. 12, 26), which he later withdrew, (Doc. No. 37). He has informed the Court of his intent to proceed with the original Complaint. (Doc. No. 37).

1

illness and receive medication. (Doc. No. 1 at 11). Plaintiff was told all his paperwork and files would be shipped along with him.

Plaintiff was transferred to Marion C.I. where Defendants denied him "any help or his medications" after Plaintiff repeatedly informed Defendants of his diagnosis and need for treatment. (Doc. No. 1 at 6). After Plaintiff informed Defendants of his condition, he was still housed around general population inmates who are not mentally ill. Plaintiff began experiencing frustration, confusion, and difficulty distinguishing reality from fiction. As a result, he cut himself with razorblades, set fires to burn his own skin, and ate feces and smeared it on his body and cell. (Doc. No. 1 at 6).

Plaintiff informed Defendants of his need for treatment on numerous occasions including a grievance dated October 6, 2014. On December 23, 2014, the third-step grievance response agreed that Petitioner was prescribed mental health medications. (Doc. No. 1 at 6). Plaintiff made this information available to Carswell and Corpening, who again denied him treatment and medication. By this time, Plaintiff had gone 16 months without his medication or any treatment for his mental illness.

On January 11, 2015, Plaintiff received a disciplinary incident report. Defendant Carswell wrote a statement saying that she reviewed Plaintiff and found no action where medications were prescribed despite Plaintiff having informed her of the grievance disposition to the contrary. (Doc. No. 1 at 13). Carswell insisted that Plaintiff does not need the previously prescribed medications that he should be "accountable for all his actions [because] his mental health illness is no excuse." (Doc. No. 1 at 6). Plaintiff complains that Defendants' actions were deliberately indifferent and negligent.

Plaintiff seeks unspecified injunctive relief, declaratory judgment, and compensatory and

punitive damages. (Doc. No. 1 at 4-5).

## II. STANDARD OF REVIEW

A "court shall dismiss [a prisoner's] case at any time if the court determines that ... the action or appeal ... fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii). A complaint should not be dismissed for failure to state a claim "unless 'after accepting all well-pleaded allegations in the plaintiff's complaint as true and drawing all reasonable factual inferences from those facts in the plaintiff's favor, it appears certain that the plaintiff cannot prove any set of facts in support of his claim entitling him to relief.'" Veney v. Wyche, 293 F.3d 726, 730 (4th Cir. 2002) (quoting Edwards v. City of Goldsboro, 178 F.3d 231, 244 (4th Cir. 1999)). In its frivolity review, a court must determine whether the Complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989).

A *pro se* complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972); see also Smith v. Smith, 589 F.3d 736, 738 (4th Cir. 2009) ("Liberal construction of the pleadings is particularly appropriate where … there is a pro se complaint raising civil rights issues."). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in his complaint which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990). A *pro se* complaint must still contain sufficient facts "to raise a right to relief above the speculative level" and "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 570 (2007); see Ashcroft v. Iqbal, 556 U.S. 662 (2009) (the Twombly plausibility standard applies to all federal civil complaints including those filed under § 1983). This "plausibility standard requires a plaintiff to demonstrate more than a sheer possibility that a defendant has acted unlawfully." Francis v.

3

Giacomelli, 588 F.3d 186, 193 (4th Cir. 2009) (internal quotation marks omitted). He must articulate facts that, when accepted as true, demonstrate he has stated a claim entitling him to relief. Id.

### III. DISCUSSION

**(1) Deliberate Indifference to a Serious Medical Need**

As the Supreme Court has explained, "deliberate indifference to serious medical needs of prisoners constitutes the unnecessary and wanton infliction of pain proscribed by the Eighth Amendment." Estelle v. Gamble, 429 U.S. 97, 104 (1976) (citation and internal quotation marks omitted); see Hill v. Crum, 727 F.3d 312, 317 (4th Cir. 2013) ("the Eighth Amendment's prohibition against 'cruel and unusual punishments' [extends] to the treatment of prisoners by prison officials," and "forbids the unnecessary and wanton infliction of pain.") (internal quotation marks omitted).

The deliberate indifference standard has two components. The plaintiff must show that he had serious medical needs, which is an objective inquiry, and that the defendant acted with deliberate indifference to those needs, which is a subjective inquiry. See Iko v. Shreve, 535 F.3d 225, 241 (4th Cir. 2008); see Grayson v. Peed, 195 F.3d 692, 695 (4th Cir. 1999) ("to establish a claim of deliberate indifference to medical need, the need must be both apparent and serious, and the denial of attention must be both deliberate and without legitimate penological objective."). A "serious medical need" is "one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." Id. at 241 (internal quotation marks omitted). To be found liable under the Eighth Amendment, a prison official must know of and consciously or intentionally disregard "an excessive risk to inmate health or safety." Farmer v. Brennan, 511 U.S. 825, 837 (1994); Johnson

v. Quinones, 145 F.3d 164, 167 (4th Cir. 1998). A mere delay or interference with treatment can be sufficient to constitute a violation of the Eighth Amendment. Smith v. Smith, 589 F.3d 736, 739 (4th Cir. 2009). However, allegations that might be sufficient to support negligence and medical malpractice claims do not, without more, rise to the level of a cognizable § 1983 claim. Estelle, 429 U.S. at 106; Grayson, 195 F.3d at 695 ("Deliberate indifference is a very high standard—a showing of mere negligence will not meet it."); see Stokes v. Hurdle, 393 F. Supp. 757, 762 (D. Md. 1975), *aff'd*, 535 F.2d 1250 (4th Cir. 1976) ("even if a prison doctor is mistaken or negligent in his diagnosis or treatment, no constitutional issue is raised absent evidence of abuse, intentional mistreatment, or denial of medical attention.").

Plaintiff alleges that Defendants Corpening and Carswell were repeatedly informed that Plaintiff had a diagnosed mental illness yet refused to provide the prescribed medication or any other treatment. As a result, Plaintiff was untreated for 16 months and caused himself physical harm and emotional trauma. These allegations are facially sufficient to state a claim of deliberate indifference to a serious medical need.

Therefore, the Complaint shall proceed against Defendants **Corpening** and **Carswell** on the claim of deliberate indifference to a serious medical need.

**(2)** **Americans with Disabilities Act**

To establish a *prima facie* case under Title II of the ADA, a plaintiff must show that: (1) he has a disability; (2) he was either excluded from participation in or denied the benefits of some public entity's services, programs, or activities for which he was otherwise qualified; and (3) such exclusion, denial of benefits, or discrimination was by reason of his disability. See Constantine v. George Mason Univ., 411 F.3d 474, 498 (4th Cir. 2005); Baird v. Rose, 192 F.3d 462, 467 (4th

Cir. 1999). States are obligated to make "reasonable modifications" to enable the disabled person to receive the services or participate in programs or activities. 42 U.S.C. § 12131(2). A reasonable modification does not require the public entity to employ any and all means to make services available to persons with disabilities. Rather, the public entity is obligated to make those modifications that do not "fundamentally alter the nature of the service or activity of the public entity or impose an undue burden." Miller v. Hinton, 288 Fed. Appx. 901, 902 (4th Cir. 2008) (quoting Bircoll v. Miami-Dade County, 480 F.3d 1072, 1082 (11th Cir. 2007)).

Plaintiff essentially claims that the Defendants denied him proper care by failing to provide medication and treatment for his mental illness. Assuming his mental illness is a disability, Plaintiff's allegations fail to state an ADA claim. Plaintiff fails to allege he was treated in this manner because of a disability. That is, he has not alleged that any discrimination occurred or that he was treated worse because of his mental illness, and therefore his ADA claim necessarily fails. See Miller, 288 Fed. Appx. at 903 (affirming summary judgment for prison officials on prisoner's ADA claim that the institution denied him access to colostomy bags and catheters because he failed to show that he was treated in this manner because of his disability); Bryant v. Madigan, 84 F.3d 246, 249 (7th Cir. 1996) (holding that the ADA is not "violated by a prison's simply failing to attend to the medical needs of its disabled prisoners….").

Therefore, Plaintiff's ADA claim is dismissed.

**(3) Rehabilitation Act**

To establish a *prima facie* case under the Rehabilitation Act, a plaintiff must prove that: (1) he has a disability; (2) he is otherwise qualified for the benefit in question; and (3) he was excluded from the benefit "due to discrimination solely on the basis of the disability." Atkins v. Holder, 529 Fed. Appx. 318, 319-20 (4th Cir. 2013). The Rehabilitation Act has a stricter causation

6

requirement than the ADA in that the disability must be the sole cause, as opposed to one of multiple causes, of the discrimination. See Thomas v. Salvation Army S. Territory, 841 F.3d 632, 641 (4th Cir. 2016).

This claim is facially insufficient for the same reason as Plaintiff's ADA claim; he fails to allege that the lack of treatment was due to discrimination. Therefore, Plaintiff's Rehabilitation Act claim is dismissed.

**(4)     Disciplinary Proceedings**

Prisoners retain rights under the Due Process Clause, but prison disciplinary proceedings are not part of a criminal prosecution and the full array of rights due a defendant in such proceedings does not apply. See Wolff v. McDonnell, 418 U.S. 539, 556 (1974) (citing Morrissey v. Brewer, 408 U.S. 471, 488 (1972)). In prison disciplinary proceedings where an inmate faces the possible loss of diminution credits or solitary confinement, he is entitled to certain due process protections. These include: (1) advance written notice of the charges against him; (2) a written statement of the evidence relied on and the reasons for taking any disciplinary action; (3) a hearing where he is afforded the right to call witnesses and present evidence when doing so is not inconsistent with institutional safety and correctional concerns, and a written decision; (4) the opportunity to have non-attorney representation when the inmate is illiterate or the disciplinary hearing involves complex issues; and (5) an impartial decision-maker. See Wolff, 418 U.S. at 564-71. There is no constitutional right to confront and cross-examine witnesses or to retain and be appointed counsel. See Baxter v. Palmigiano, 425 U.S. 308, 322 (1976); Brown v. Braxton, 373 F.3d 501, 505-06 (4th Cir. 2004). As long as the hearing officer's decision contains a written statement of the evidence relied upon, due process is satisfied. See Baxter, 425 U.S. at 323 n.5. Moreover, substantive due process is satisfied if the disciplinary hearing decision was based upon

"some evidence." Superintendent, Mass. Correctional Institute v. Hill, 472 U.S. 445, 455 (1985). Federal courts do not review the correctness of a disciplinary hearing officer's findings of fact. See Kelly v. Cooper, 502 F. Supp. 1371, 1376 (E.D. Va. 1980). The findings will only be disturbed when unsupported by any evidence, or when wholly arbitrary and capricious. See Hill, 472 U.S. at 456; see also Baker v. Lyles, 904 F.2d 925, 933 (4th Cir. 1990). As long as there is some evidence in the record to support a disciplinary committee's factual findings, a federal court will not review their accuracy.

Plaintiff appears to suggest that the disciplinary hearing outcome was unjust because he disagreed with Corpening's statement supporting the disciplinary action. To the extent that Plaintiff is challenging the disciplinary proceedings against him, he has not shown a due process violation under Wolff, as he has neither alleged that he lost good-time credits or that he was subjected to solitary confinement as a result of the disciplinary proceeding. Moreover, it is clear that Plaintiff disagrees with the outcome of the disciplinary hearing, but he fails to allege that he was denied a full disciplinary hearing or that the proceedings were deficient in any way. His vague and conclusory allegations are insufficient to proceed at this time.

Therefore, to the extent Plaintiff attempts to raise a due process violation with regards to his disciplinary proceedings, this claim is dismissed.

**(5)** **State Law Negligence**

The district courts have supplemental jurisdiction over claims that are so related to the claims over which the court has original jurisdiction that they "form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a).

In the instant case, Plaintiff's negligence claim under North Carolina law involve the same facts as the federal deliberate indifference claim that has passed initial review. Therefore, the Court

8

will exercise supplemental jurisdiction over Plaintiff's North Carolina negligence claim at this time.

## IV. CONCLUSION

For the reasons stated herein, the Court finds that Plaintiff's claims of deliberate indifference to a serious medical need survives initial screening as to both Defendants, that the ADA, Rehabilitation Act, and due process claims are facially insufficient and will be dismissed, and the Court will exercise supplemental jurisdiction over Plaintiff's State law negligence claim.

**IT IS, THEREFORE, ORDERED that:**

1. Plaintiff's claim of deliberate indifference to a serious medical need survives initial review under 28 U.S.C. § 1915(e), and the Court will exercise supplemental jurisdiction over Plaintiff's North Carolina negligence claim pursuant to 28 U.S.C. § 1367(a).

2. Plaintiff's ADA, Rehabilitation Act, and due process claims are dismissed.

3. **IT IS FURTHER ORDERED THAT** the Clerk is directed to mail summons forms to Plaintiff for Plaintiff to fill out and return for service of process on Defendants **Corpening** and **Carswell**. Once the Court receives the summons forms, the Clerk shall then direct the U.S. Marshal to effectuate service on Defendants. The Clerk is respectfully instructed to note on the docket when the forms have been mailed to Plaintiff.

Signed: November 17, 2017

Frank D. Whitney
Chief United States District Judge